THE BOARD OF COMMISSIONERS OF EXCISE OF THE CITY OF AUBURN, Respondent, v. GURDON F. MERCHANT, Appellant.

A statute prescribing rules of evidence in either civil or criminal cases, which leaves a party a fair opportunity to make his defense, and to submit all the facts to the jury, to be weighed by them upon evidence legitimately bearing upon them, cannot be assailed on constitutional grounds.

The provision of the excise law (§ 11, chap. 628, Laws of 1857), which provides that where a person is seen to drink intoxicating liquor on the premises of one who has simply a license to sell liquor not to be drank on his premises, it shall be *prima facie* evidence that the liquor was sold by the occupant of the premises or his agent with the intent that the same should be drank thereon, is not violative of the constitutional guarantees of due process of law and trial by jury.

Where it appeared in an action to recover penalties for violations of said excise law, that defendant having a license to sell liquors not to be drank on his premises, kept liquor for sale and was engaged in selling it to be drank thereon indiscriminately to persons calling for it, *held*, that evidence of the drinking of liquor upon the premises was at common law and without regard to said statute *prima facie* proof that the liquor was bought to be drank thereon.

(Argued June 7, 1886; decided October 5, 1886.)

APPEAL from judgment of the General Term of the Supreme Court. in the fourth judicial department, entered upon an order made October 31, 1884, which affirmed a judgment in favor

of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover penalties for alleged violations of the excise law.

The material facts are stated in the opinion.

*Nathaniel C. Moak* and *John D. Teller* for appellant. The action was not brought by the proper party. It ought to have been in the name of the board of charities and police of the city of Auburn. (Laws of 1857, chap. 628, § 22; Laws of 1873, chap. 820; Laws of 1878, chap. 109; Laws of 1869, chap. 436; 1 Ld. Raym. 682; 2 Edm. Stat. 502, § 1; *Holmes* v. *Carley*, 31 N. Y. 289; 1 R. S. [6th ed.] 823, § 9; Laws of 1866, chap. 30, § 1; *Hagerty* v. *Agan*, 3 Sup. Ct. [T. & C.] 872; *Bd. of Com'rs Pub. Charities and Cor.* v. *McGurrin*, 6 Daly, 349; *Bd. of Com'rs of Excise* v. *Glennon*, 21 Hun, 244; *People* v. *Com'rs of Taxes*, 26 id. 446; *Bd. of Excise Westchester Co.* v. *Curley*, 9 Abb. N. C. 100; *Gloversville* v. *Howell*, 70 N. Y. 287.) It was error for the court to charge the jury "that upon proof being made of the fact that liquor was seen to be drank on the premises, that is *prima facie* evidence that it was sold with intent that it was to be drank on the premises." (*People* v. *Lyon*, 27 Hun, 180.) The case at bar is of a *quasi* criminal character. (*Comm.* v. *Newell*, 5 Gray, 76; *Same* v. *Tuttle*, 12 Cush. 502; *Same* v. *Burding*, id. 506.) While the legislature may establish the effect of certain evidence and shift the burden of proof from one party to another, and declare what may be presumptive evidence of certain facts, it has not the power to make the lawful act of one person presumptive evidence of the unlawful act of another without any proof of his knowledge, complicity or consent. (Const., art. 1, § 6.) The court erred in instructing the jury to render a verdict for the plaintiff for $50 for each sale. (*Sturgis* v. *Spafford*, 45 N. Y. 453; *Fisher* v. *N. Y. C. R. R. Co.*, 46 id. 644; *Mix* v. *Same*, 47 id. 678.)

*F. D. Wright* for respondent. Plaintiff is entitled to

recover the penalty for each offense proved. (*Langworthy* v. *Knapp*, 4 Abb. Pr. 115, 117 ; *Deyo* v. *Rood and Kemble*, 3 Hill, 527, 529 ; *Brooklyn* v. *Cleves*, Hill & Den. [Lalor's Supp.] 221–233 ; *People* v. *N. Y. C. R. R. Co.*, 13 N. Y. 78–82 , *Suydam* v. *Smith*, 52 id. 383, 389.) The plaintiff may make a *prima facie* case by circumstantial evidence. (Abb. Trial Ev. 774 ; *State* v. *Haynes*, 66 Me. 114 ; *Comm.* v. *Cotter*, 97 Mass. 336 ; *Wallace* v. *Everts*, 3 Barb. 523.) Evidence of keeping liquors for sale is competent on the question of sale of the same. (Abb. Trial Ev. 774.) The fact that it was a place of resort and that persons went in sober and came out drunk is competent on the question of the sale of intoxicating liquors. (Abb. Trial Ev. 774 ; *Comm.* .v. *Stone*, 97 Mass. 548 ; *Comm.* v. *Kennedy*, id. 234.) Sale by a servant is *prima facie* by the master. (Abb. Trial Ev. 774 , *State* v. *Wentworth*, 65 Me. 234.) The legislature, in civil cases at least, has the right to declare what shall be presumptive evidence of any fact. (*Hand* v. *Ballou*, 12 N. Y. 543 ; *People, ex rel.* v. *Mitchell*, 45 Barb. 212 ; *Hickox* v. *Tallman*, 38 id. 608 ; *Donahue* v. *O'Connor*, 45 Sup. Ct. 297 ; *Howard* v. *Moot*, 64 N. Y. 262, 269 ; 5 Sup. Ct. [T. & C.] 93.) Where a person enters a tavern or saloon and calls for whisky and it is furnished to him, the law implies a sale. (*State* v. *Jarrett*, 35 Mo. 357 ; *Stack* v. *Lansing*, 32 Hun, 420.) The defendant should have pleaded that the plaintiff had not legal capacity to sue. (Code of Civil Pro., §§ 488–93, 498, 499 ; *Wright* v. *Wright*, 54 N. Y. 441.) The second clause of the motion for a nonsuit, that the plaintiff " had not made out a cause of action," did not raise the question of the plaintiff's capacity to sue, because that defense had not been pleaded. (*Irving Nat. Bk.* v. *Corbitt*, 10 Abb. N. C. 85 ; *Phœnix Nat. Bk.* v. *Donnell*, 40 N. Y. 410 ; affirming 41 Barb. 571 ; *Bk. of Lowville* v. *Edwards*, 11 How. 216 ; *Viburt* v. *Frost*, 3 Abb. 119 ; *Myres* v. *Machado*, 6 id. 198 ; *Hobart* v. *Frost*, 5 Duer, 673.) The plaintiff was in fact the proper party plaintiff in this action. (Laws of 1857, chap. 628 ; Laws of 1879, chap. 53, tit. 7, §§ 72–80, 110.) There is no repeal by necessary

implication. A repeal of a statute by implication is not favored, and to constitute such repeal the implication must be a clear and necessary one. (Sedgwick on Constr. of Stat. and Const. Law, 98, note *a*; *Comar* v. *Southern Express Co.*, 37 Ga. 397; *Naylor* v. *Field*, 5 Dutch. 287; *Roberts* v. *Fates*, 36 Ill. 268; *Ranson* v. *Ranson*, 62 id. 63; Sedgwick on Constr. of Stat. and Const. Law, 106; *Williams* v. *Potter*, 2 Barb. 316; *People* v. *Deming*, 13 How. 44; Potter's Dwarris on Stat. and Const. 154, 157, note 4; *Wallace* v. *Bassett*, 41 Barb. 92; *Hayes* v. *Symonds*, 9 id. 260; *Cohoes* v. *Moran*, 25 Pet. 385, 387; *In re Evergreens*, 47 N. Y. 219, 220; *In re Com'rs of Central Park*, 50 id. 493; *Van Denburg* v. *Greenbush*, 66 id. 1–4.)

Earl, J. The main question to be determined in this case is whether this action should have been commenced by the present plaintiff or by the board of charities and police for the city of Auburn, and upon this question our views have been sufficiently expressed in the case just decided against *Burtis*, and we refer to the opinion pronounced in that case.*

Upon the trial of this action the judge charged the jury that "the law provides in such case as this, that upon proof being made of the fact that liquor was seen to be drank on the premises, that is *prima facie* evidence that it was sold with intent that it was to be drank on the premises." To this portion of the charge defendant's counsel excepted, and the exception is now relied upon as pointing out error fatal to the judgment.

In section 11 of the Excise Act (Chap. 628, Laws of 1857), provision is made for licenses to store-keepers and shop-keepers, authorizing them to sell spirituous liquors in quantities less than five gallons not to be drank upon their premises. Then in section 12 it is provided as follows: " Such licenses shall not be granted unless the commissioners are satisfied that the applicant is of good moral character, nor until such applicant shall have executed a bond to the people of this State * * * conditioned that * * * he will not sell, or suffer to be sold, any

---

* *Ante*, p. 136.

strong or spirituous liquors or wines to be drank in his shop or house, or in any out-house, yard or garden appertaining thereto, and that he will not suffer any such liquor sold by virtue of such license to be drank in his shop or house or in any out-house, yard or garden belonging thereto ; and whenever any person is seen to drink in such shop or house, out-house, yard or garden belonging thereto, any spirituous liquors or wines forbidden to be drank therein, it shall be *prima facie* evidence that such spirituous liquors or wines were sold by the occupant of such premises or his agent with the intent that the same should be drank therein.   On any trial for the offense last aforesaid, such occupant or agent may be allowed to testify respecting such sale."   It was undoubtedly this law to which the judge referred in his charge.

All the provisions of section 12 have reference to licenses to sell liquor in quantities less than five gallons not to be drank on the premises, and the rule of evidence prescribed applies only to cases where such licenses have been granted.   The defendant had such a license from September 6, 1880, to May 1, 1881, when it was revoked.   Upon the trial the plaintiff gave evidence tending to show violations of the license by the defendant by the sale of liquor to be drank upon his premises between September 1, 1880, and June, 1881, and the proof of sales was limited to that period.   The charge of the judge was authorized by the statute if applied to drinking liquor upon defendant's premises during the time he had the license.   But it was not authorized if applied to the drinking of liquor there before September sixth, or after May first.   There was no specific, definite evidence that any of the drinking took place before the first or after the latter date, and if the defendant desired to have the charge so qualified as to apply only to drinking which took place while the license was in force, he should have called the attention of the judge to the facts, and have requested the qualification ; and now the charge must be treated as if it applied only to the period covered by defendant's license.

Thus the charge was authorized by the words of the statute.

But the learned counsel for the appellant claims that this pro-
vision of the statute is unconstitutional on the ground that it
violates the constitutional guaranties of due process of law and
trial by jury. We think the claim unfounded. The general
power of the legislature to prescribe rules of evidence and
methods of proof is undoubted. While the power has its con-
stitutional limitations, it is not easy to define precisely what
they are. A law which would practically shut out the evidence
of a party and thus deny him the opportunity for a trial would
substantially deprive him of due process of law. It would not
be possible to uphold a law which made an act *prima facie*
evidence of crime over which the party charged had no control
and with which he had no connection, or which made that
*prima facie* evidence of crime which had no relation to a
criminal act and no tendency whatever by itself to prove a
criminal act. But so long as the legislature, in prescribing rules
of evidence, in either civil or criminal cases, leaves a party a
fair opportunity to make his defense and to submit all the facts
to the jury to be weighed by them, upon evidence legitimately
bearing upon them, it is difficult to perceive how its acts can
be assailed upon constitutional grounds. Affidavits in town
bonding acts and tax deeds have been declared to be *prima
facie* evidence of regularity and validity, and numerous statutes
of similar character are to be found in this and other States.
In *Comm.* v. *Williams* (6 Gray, 1), it was held in a crim-
inal prosecution for a violation of an excise law, that a
statute which provided that the delivering of any spirituous
and intoxicating liquors in or from any building or place other
than a dwelling-house, " shall be deemed *prima facie* evidence
of a sale," was constitutional and valid. In *State* v. *Hurley*
(54 Me. 562), it was held that an act which provided that
" whenever an unlawful sale " of intoxicating liquors " is al-
leged and a delivery proved, it shall not be necessary to prove
payment, but such delivery shall be sufficient evidence of sale,"
was constitutional. In *Howard* v. *Moot* (64 N. Y. 261), ALLEN,
J., said : " The rules of evidence are not an exception to the
doctrine that all rules and regulations affecting remedies are,

at all times, subject to modification and control by the legislature. * * * It may be conceded, for all the purposes of this appeal, that a law that should make evidence conclusive which was not so necessarily in and of itself, and thus preclude the adverse party from showing the truth, would be void, as indirectly working a confiscation of property or a destruction of vested rights. But such is not the effect of declaring any circumstance or any evidence, however slight, *prima facie* proof of a fact to be established, leaving the adverse party at liberty to rebut and overcome it by contradictory and better evidence."

Here the act which is made *prima facie* evidence of an illegal sale takes place upon the premises of the person charged, has some relation to and furnishes some evidence of the alleged illegal sale, and occurs in a place where liquors are authorized to be kept and sold. To make drinking the liquor in such a place and under such circumstances *prima facie* evidence of an illegal sale to the person drinking, violates no constitutional guaranty. It leaves a party ample opportunity to make his defense. It is specially provided, what is now the general law, that the party can be a witness in his own behalf, and thus it can never be difficult for him to show what the facts really are. The burden of proof is not even really changed. The statute enables the prosecutor to make a *prima facie* case by proof of the drinking. But the defendant can show the circumstances attending the drinking, his relation thereto and any other facts tending to absolve him from liability, and then on the whole case, the burden still rests upon the prosecution to establish the alleged sale. The defendant has the full benefit of jury trial and due process of law and a full and fair opportunity free from any undue hindrance or embarrassment to make his justification and defense. Hence the charge resting upon the statute was not erroneous.

But the statute need not be invoked to uphold the charge. Under the circumstances of this case, the drinking was good common-law evidence of a sale in violation of the statute. The defendant kept liquor for sale, and was shown to be engaged

in selling it to be drank upon his premises quite indiscriminately to persons calling for it. It is against all experience that he gave it away or that persons came there to drink liquor bought elsewhere. It was in his power to prevent the drinking which took place from glasses presumably furnished by him. Evidence of the drinking under such circumstances was certainly *prima facie* proof that the liquor was bought to be drank there, and sufficient to justify the charge.

We are, therefore, of opinion that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.