Miles M. O'Brien and Others, Respondents, v. Frederick A. Kursheedt, Appellant, Impleaded, etc.— Judgment affirmed, with leave to defendant to answer upon payment of costs of appeal and in the court below.—

VAN BRUNT, P. J.: This action was brought by the plaintiffs, as receivers of the Madison Square Bank, to recover damages alleged to to have been sustained by said bank through the failure and neglect of the defendants, who were directors of said bank, to perform the duties which devolved upon them by reason of their office. The defendant demurred to

said complaint upon the grounds: *First*, that causes of action had been improperly united, and *secondly*, that the complaint did not state facts sufficient to constitute a cause of action. It is urged by the defendant demurring that no cause of action is stated against him in the complaint at all, because no legislative enactment is referred to which makes it the duty of the defendant to do the things which the plaintiff alleged it was his duty to do upon becoming a director of the Madison Square Bank. This ground, however, does not seem to be well taken, because it is a familiar rule of pleading that it is not necessary to plead a domestic general statute, and that an allegation of default upon the part of a defendant in performing a certain duty may be established by showing that the law governing the position which he occupied required this duty, without any reference in the complaint to the specific general statutes relating to the subject. And, furthermore, it may be questionable as to whether the neglects referred to in the complaint require the support of any statutory enactment in order that they may become the basis of a recovery by those who have been injured. Outside of this criticism of the complaint, the defendant demurring admits that a good cause of action is alleged, but claims that it is a cause of action at law and not in equity, and that, therefore, causes of action against his co-directors and himself could not be joined. It is conceded upon all sides that if this action is to be treated as an action at law, then causes of action against these various directors cannot be joined. But it is claimed on the part of the plaintiff that the action is one in equity, and that an action of this nature may be maintained. This principle was held in the case of *Brinkerhoff* v. *Bostwick* (88 N. Y. 52), and also in the case of *Bauer* v. *Platt* (72 Hun, 327), where the grounds upon which courts of equity take cognizance of actions of this description are distinctly stated. The complaint in this action was framed upon that which was sustained by the Court of Appeals in the case of *Brinkerhoff* v. *Bostwick*, above cited, the only

variation (which is claimed upon the part of the appellant to be fatal to the complaint in the case at bar) being in the prayer for judgment. As far as the plaintiff was concerned in the action of *Brinkerhoff* v. *Bostwick* the declaration as to damage was as specific as that which is contained in the complaint at bar; but in regard to the damages sustained by others who might come in and participate in the action, the prayer for relief was indefinite, and, therefore, it is claimed that there is a broad distinction between the case at bar and the case cited, inasmuch as in the case at bar the allegation of damage is specific and the prayer for judgment is specific. But we think the rule has become well established that the prayer for judgment is not conclusive upon the nature of the action. It is true that in the case of *Glenn* v. *Lancaster* (21 Abb. N. C. 270) the court held that the character of the action, whether it was one in equity or at law, was determined by its prayer for judgment. But this view does not seem to have been adhered to in the case of *Murtha* v. *Curly* (90 N. Y. 372) and *Bell* v. *Merrifield* (109 id. 202), in both of which cases it was held that the court might give such judgment as was embraced within the issues and which the evidence required. It is true that in those cases answers had been interposed and formed a part of the record in the action in which the relief was granted. But an answer had also been interposed in the case of *Glenn* v. *Lancaster*, in which a different rule seems to have obtained. Taking the later expression of opinion in regard to the effect of the prayer contained in the complaint, it would seem that it does not definitely determine the character of the action, but that that must be determined having in view not only the prayer of the complaint but also the allegations therein contained. In the case at bar it appears distinctly that this action was brought for the purpose of the ascertainment and recovery of the damages which had been caused by the various directors named as defendants by their neglect of duty, and that, for the purpose of avoiding multiplicity of suits, as well as for other reasons, such an action must necessarily be an equitable action in order that the rights of all parties may be protected. With this character stamped upon all the allegations of the complaint, the mere prayer for judgment should not be allowed to throw the plaintiffs out of court when they would be entitled to equitable relief, although perhaps they might not be entitled to maintain the action as one strictly at law. We are of the opinion, therefore, that the interlocutory judgment should be affirmed, with leave to the defendant to answer upon payment of the costs of the appeal and in the court below.

Follett and Parker, JJ., concurred.