## SCHRADIN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Trial Term, New York County.  February 13, 1907.)

1. MASTER AND SERVANT—ACTIONS—PLEADING—NOTICE OF CLAIM.

Where, in an action for the death of plaintiff's intestate, the allegations of the complaint and the form of notice pleaded are insufficient to sustain the cause of action under the employer's liability act of 1902, but the complaint sets out a complete common-law action, the notice of claim pleaded and served may be treated as surplusage.

2. CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAWS—LIABILITY FOR PERSONAL INJURIES—RAILROADS.

Laws 1906, p. 1682, c. 657, amending Laws 1890, p. 1082, c. 565 (General Railroad Law), by adding thereto section 42a, provides that in all actions against a railroad corporation for personal injury, or death resulting from personal injury, while in the employment of such corporation, arising from its negligence or that of any of its officers or employés, it shall be held that persons in the service of any such railroad corporation, who are intrusted with the authority to direct or control any other employé in the performance of duty of such employé, or who have as a part of their duty for the time being physical control or direction of the movement of a signal, switch, locomotive engine, car, train, or telegraph office, are vice principals of such corporation, and are not fellow servants of such injured or deceased employés.  Held, that the act is not unconstitutional.

3. STATUTES—PLEADING—PUBLIC STATUTE.

A plaintiff, invoking the benefit of Laws 1906, p. 1682, c. 657, amending Laws 1890, p. 1082, c. 565 (General Railroad Law), by adding thereto section 42a, which declares that certain railroad employés shall be held the vice principals, and not fellow servants, of the injured or deceased employé, is not required to plead the same, since the court will take judicial notice of the act.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 378.]

4. SAME—EVIDENCE OF PUBLIC STATUTES.

Under the direct provisions of Code Civ. Proc. § 932, a statute may be read in evidence from a newspaper designated as prescribed by law to publish the same, until six months after the close of the session at which it was passed, and at any time from a volume printed under the direction of the Secretary of State.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 383–385.]

5. MASTER AND SERVANT—ACTIONS—CONDITION PRECEDENT—NOTICE OF CLAIM.

A plaintiff, invoking the benefit of Laws 1906, p. 1682, c. 657, amending Laws 1890, p. 1082, c. 565 (General Railroad Law), by adding thereto section 42a, which declares that certain railroad employés shall be held to be vice principals, and not fellow servants, of the injured or deceased employé, is not required to serve notice of claim as a condition precedent thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

6. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—CIVIL PROCEEDINGS—RULES OF EVIDENCE.

Laws 1906, p. 1682, c. 657, amending Laws 1890, p. 1082, c. 565, by adding thereto section 42a, provides that in all actions against a railroad corporation for personal injury, or death resulting from injury, while in the employment of such corporation, arising from its negligence, or that of any of its officers or employés, it shall be held that persons engaged in the service of such corporation, who are intrusted with authority to direct or control any other employé in the performance of the duty of such employé, or who have as a part of their duty for the time being physical control or direction of the movements of a signal, switch, locomotive, engine, car,

train, or telegraph office, are vice principals of such corporation, and not fellow servants of such injured or deceased employé. *Held*, that section 42a does not create a new cause of action, but merely declares what may be regarded as prima facie evidence, and as such a rule of evidence is valid.

Action by one Schradin, as administrator, against the New York Central & Hudson River Railroad Company. Verdict for plaintiff. Motion to set aside the verdict and for a new trial. Denied.

PLATZEK, J. Upon the objections of defendant, the plaintiff elected to try this suit on the theory of a common-law action for negligence, and not under the provisions of the employer's liability act of 1902. It was objected that the allegations of plaintiff's complaint and the form of notice served were insufficient to sustain his cause of action under the said statute of 1902. The complaint sets forth a complete common-law action. The notice of claim pleaded and served may be treated as surplusage. An inartistic pleading is not necessarily insufficient or fatal. The plaintiff invoked the benefit and aid of chapter 657, p. 1682, Laws of 1906, which became a law and went into effect May 29, 1906, amending the general railroad law (chapter 565, p. 1082, Laws of 1890), by adding thereto section 42a, providing that:

"In all actions against a railroad corporation * * * doing business in this state * * * for personal injury to or death resulting from personal injury while in the employment of such corporation * * * arising from the negligence of such corporation * * * or any of its officers or employés, every employé or his legal representative shall have the same rights and remedies for an injury or for death * * * from the act or omission of such corporation * * * or of its * * * officers or employés as are now allowed by law, and in addition to the liability now existing by law it shall be held in such actions that persons engaged in the service of any railroad corporation * * * who are intrusted by such corporation with the authority to direct or control any other employé in the performance of the duty of such employé, or who have as a part of their duty for the time being physical control or direction of the movement of a signal, switch, locomotive engine, car, train or telegraph office, are vice principals of such corporation * * * and are not fellow servants of such injured or deceased employés."

This action was commenced subsequent to the enactment of the foregoing statute. The complaint states that plaintiff's intestate was in the employ of the defendant engaged at work on its tracks with other employés; that he was run into and crushed to death by a locomotive, with car attached, exclusively controlled and operated by defendant; and that such collision was caused by the negligence of the defendant, its agents and servants, without any contributory carelessness of the decedent. The defendant denied all liability, and there was a sharp conflict on the controverted facts (except that the death of Herman Schradin resulted from the collision, which was conceded), and particularly as to whether the bell was rung or the whistle blown by the fireman, or the megaphone signal by the watchman was given of the approaching locomotive, warning the deceased of danger. The engineer, the fireman, and the watchman were all employés of the defendant for the time being, and in physical control, respectively, of the locomotive, whistle, and megaphone. At the close of the trial the de-

fendant requested that the jury be instructed that the negligence or omission of the before-mentioned employés of the defendant was the negligence of a competent fellow servant of plaintiff's intestate, which request was refused, except that said employés were competent. The jury rendered a verdict for the plaintiff for $3,500, which is sustained by the evidence.

The defendant's contention that chapter 657, p. 1682, Laws of 1906, was unconstitutional, is unsupported by any authoritative decision. Similar statutes in other states have been attacked on the same ground and held valid. It is competent for the Legislature, in the exercise of its police power, to take steps for the protection of the lives and limbs of employés who may be exposed to dangerous agencies in the control of others. Indianapolis Union R. R. v. Houlihan, 157 Ind. 494, 60 N. E. 943, 54 L. R. A. 787. A corporation is subject to the general statutes of the state, as well as to the reserve power of the Legislature to amend the general laws, and also to alter the charter of the corporation by subsequent enactment prescribing new conditions to the continued enjoyment of its franchise. Hinckley v. Schwarzschild & S. Co., 107 App. Div. 470, 95 N. Y. Supp. 357.

It is urged that because the plaintiff failed to plead the new section of the law, and omitted to serve notice of claim, he thereby forfeited the benefit of the act of 1906. It is never necessary, in pleading, to state matters which the court is supposed to know and take notice of, viz., the statutes of the state. Shaw v. Tobias, 3 N. Y. 189; Swinnerton v. Columbia Ins. Co., 37 N. Y. 190, 93 Am. Dec. 560; 1 Nichols, N. Y. Practice, 832; O'Brien v. Kursheedt (Sup.) 29 N. Y. Supp. 973. Statutes may be read in evidence. Code Civ. Proc. § 932. No notice of claim or action is required pursuant to section 42a or in a common-law action for negligence. Section 42a does not create a new cause of action. It merely declares what may be regarded as prima facie evidence. As to what shall be evidence, and which party shall assume the burden of proof in civil cases, the power of the Legislature is practically unrestricted. Cooley on Constitutional Limitations (7th Ed.) p. 526. There can be no doubt of the right of the Legislature to change the rules of evidence and declare what shall be prima facie proof. Howard v. Moot, 64 N. Y. 262; People, etc., v. Cannon, 139 N. Y. 32, 34 N. E. 759, 36 Am. St. Rep. 668; Com'r of Excise v. Merchant, 103 N. Y. 143, 8 N. E. 484.

It follows that the motion to set aside the verdict and for a new trial must be denied.