### KELLY v. ALBANY TRUST CO. et al.

(Supreme Court, Appellate Division, Third Department. January 15, 1908.)

GIFTS—INTER VIVOS—TRANSFER OF BANK ACCOUNT.

A depositor of a trust company executed an instrument directing the company to add the name of a third person as owner and creditor with the depositor of moneys deposited under a designated account. Authorized signatures of the depositor and third person were delivered to the company. A bankbook issued in the name of the depositor was changed by adding under her name the words, "or (name of third person) payable to either or the survivor of either." *Held*, that the gift was complete, and the trust irrevocable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gifts, §§ 52–57, 65.]

Cochrane and Chester, JJ., dissenting.

Appeal from Special Term, Albany County.

Action by Sarah E. Kelly against the Albany Trust Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Harris & Rudd (Milton H. Merwin and William P. Rudd, of counsel), for appellants.

Countryman, Nellis & Du Bois (Andrew J. Nellis, of counsel), for respondent.

KELLOGG, J. The facts in this case are substantially the same as in Kelly v. Home Savings Bank, 103 App. Div. 141, 92 N. Y. Supp. 578, except that no officer of the trust company was sworn, and the only evidence as to what took place at the trust company is the books and papers of the trust company as follows:

Exhibit B, dated January 12, 1903:

"The Albany Trust Company will please add the name of Mrs. Sarah E. Kelly as owner and creditor with me of all moneys heretofore or which may hereafter be deposited in the said bank under this account No. 2,104, together with all the interest which has been or may hereafter be credited to the said account, with full authority for each or either of us or the survivor of us to draw out from the bank the whole or any part of such money or such interest.

"[Signed]                                                    Mrs. K. V. Beers.
"Witness:  A. P. Adams, Jr."

Exhibit C:

"Albany Trust Company. Authorized signature K. V. Beers. Please find authorized signature, which you will recognize in payment of funds and the transaction of business, Special Account No. 2,104, K. V. Beers. Address, 87 Livingston Ave. Indorsed by Charles Beeney. To the Albany Trust Company, Albany, N. Y."

Exhibit D:

"Albany Trust Company. Authorized signature Sarah Kelly. Special Account No. 2,104, Sarah Kelly: Please find authorized signature, which you will recognize in payment of funds or the transaction of business. Sarah E. Kelly. Address, 87 Livingston Ave. Indorsed by ———. To the Albany Trust Company, Albany, N. Y."

It is also admitted that the bankbook was issued September 5, 1902, in the name of Kate V. Beers, and the writing underneath, "Or Sarah E. Kelly, payable to either or the survivor of either," was added January 12, 1903. Bankbook No. 2,104 produced was indorsed:

"Special interest account with Kate V. Beers."

The reading on the inside was:

"No. 2,104. Albany Trust Company in account with Kate V. Beers or Mrs. Sarah E. Kelly, payable to either or the survivor of either.

Within Hallenbeck v. Hallenbeck, 103 App. Div. 107, 93 N. Y. Supp. 73, Augsbury v. Shurtliff, 180 N. Y. 138, 72 N. E. 927, and the Kelly Case, above cited, the judgment is right. The codicil was properly excluded. It only disclosed Mrs. Beers' intent at the time it was executed. The rights of the parties had been previously fixed.

The judgment should therefore be affirmed, with costs. All concur, except COCHRANE and CHESTER, JJ., who dissent.

COCHRANE, J. (dissenting). If this particular bank transaction stood by itself, probably we should say that the decision of the court below should not be disturbed. But Mrs. Beers, the appellants' testatrix, had various and similar bank transactions which are all in evidence, and which should be considered as reflecting light on each other. It cannot effectually be gainsaid that a uniform purpose existed in her mind as to each one of these transactions. As a matter of fact, her intent in one was likewise her intent in all. Clearly the plaintiff equitably and fairly should recover in respect to all of these transactions or be defeated in respect to all. In this case I think the learned trial justice attached too much importance to the form of the deposit in the bank and the papers there signed, and too little importance to the other facts in the case. As is well understood, these bank transactions made under such circumstances as here appear are frequently merely formal, and more to comply with the rules or customs of particular banks in the effort of the depositor to effectuate some particular purpose which he has in his mind than to reflect such purpose with accuracy or definiteness. The trend of recent decisions is to make such forms of deposits prima facie evidence only to be considered with all the other evidence as bearing on the actual intent of the depositor, and that intent very frequently becomes a question of fact notwith-

standing the prima facie liability created by the bank transactions when standing alone. That was the purport of the decisions in Kelly v. Home Savings Bank, 103 App. Div. 141, 92 N. Y. Supp. 578; Hallenbeck v. Hallenbeck, 103 App. Div. 107, 93 N. Y. Supp. 73; Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, and cases there cited. That Mrs. Beers intended to make a substantially equal division of her property between her two children is apparent from her wills and codicils wherein she bequeathed these bank deposits to her daughter, Mrs. Kelly, to make a bequest practically equal in amount to the bequest to her son. In her will executed in the year 1900 she bequeathed to her daughter these bank deposits, with the important qualification that she intended that they should amount to about $7,000, and, in case there should not be that amount on deposit at the time of her death, that such amount should be made up out of her estate. If plaintiff's contention is correct, she had a proprietary interest in all these accounts during her mother's life, and might as owner have exhausted them before her mother's death, and then, in addition thereto, she would be entitled to receive $7,000 under the will. I think the clear intent to be deduced from the various bank transactions, and testamentary provisions was not that the plaintiff should have an immediate proprietary interest in the deposits, but that she should be at liberty to draw therefrom as a matter of convenience for her mother, and at the death of the latter the deposits should belong to the daughter. The admissions and declarations of the deceased in evidence are not at war with such theory, but, on the contrary, they as well as the testamentary provisions harmonize therewith.

I think the judgment should be reversed on the law and facts.

CHESTER, J., concurs.