KELLY v. NATIONAL SAVINGS BANK OF CITY OF ALBANY et al.

(Supreme Court, Appellate Division, Third Department. January 15, 1908.)

GIFTS—INTER VIVOS—TRANSFER OF BANK ACCOUNT.

A depositor in a savings bank changed the pass book and account to her name in trust for her daughter, and on the same day signed an order directing the bank to pay the daughter a specified sum and interest, the amount of the deposit. The depositor thereafter drew interest from time to time, and the daughter drew interest on a receipt, reciting that she had received from the bank a specified sum on her account as "per accompanying passbook." The daughter had no funds in the bank except as she was interested in the deposit. She left her signature with the bank, and she drew her check on the bank as the owner of the account. *Held*, that the gift was complete and the trust irrevocable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gifts, §§ 52–57, 65.]

Cochrane and Chester, JJ., dissenting.

Appeal from Special Term, Albany County.

Action by Sarah H. Kelly against the National Savings Bank of the city of Albany and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Countryman, Nellis & Du Bois (Andrew J. Nellis, of counsel), for appellant.

Harris & Rudd (Milton H. Merwin and William P. Rudd, of counsel), for respondents.

JOHN M. KELLOGG, J.  The facts are substantially the same as in Kelly v. Home Savings Bank, 103 App. Div. 141, 92 N. Y. Supp. 578, except as to the transaction at the bank when the account and pass book were changed.  Prior to May 29, 1899, account No. 36,455 stood in this bank in the name of Mrs. K. V. Beers, and her pass book was in that form.  Upon that day the pass book and account was changed so as to read:

"Mrs. Kate V. Beers, in trust for Sarah E. Kelly, her daughter."

The signature of Mrs. Beers already appeared upon the signature book of the bank.  The signature of Sarah E. Kelly, Burlington, Vt., is pasted into the signature book at the place where Mrs. Beers' name also appears.  The bank also produces the following paper, bearing the signature of Mrs. Beers, and which was delivered to it on that day:

"Albany, N. Y., May 29th, 1899.

"To the Treasurer of the National Savings Bank:  Pay to the order of Sarah E. Kelly, my daughter, three thousand and interest dollars, on my account as per accompanying pass book No. 38,455."

The amount of this order represented the full amount of Mrs. Beers' deposit at that time. · The stenographer of the bank produces the papers, but no one is sworn as to who was present at the bank or how these changes were made.  Mrs. Beers drew the interest from time to time, except July 17, 1901, Sarah E. Kelly drew the interest upon the following receipt:

"Book N. 38,455.  Albany, N. Y., July 17, 1901.

"Received of National Savings Bank of Albany $52.50/100 on my account as per accompanying pass book.                          Sarah E. Kelly."

The stenographer says that:

"Throughout this bank book are many slips pasted in exactly as is the slip with Sarah E. Kelly's name on.  As a rule, when an account is opened in two names or somebody else, we give the person who opens the account a slip to be signed by the other party and mailed or brought to the bank.  When the bank receives it, they cut the signature off, and paste it in a book.  Suppose we had a book like this which had been begun in 1893.  In 1899 a check is drawn like this one in evidence, and both ladies are in the bank at the time that are represented on that check.  We would then paste the signature of the one whose name was added right on the book by the old signature which had been placed three years before by the other, unless it was written in.  We would do so assuming there was no place for it to be written in."

In the view most favorable to the defendants, this may be considered a tentative trust within the Totten Case, 179 N. Y. 112, 126, 71 N. E. 748, 70 L. R. A. 711, which is revocable until the depositor dies or completes it by some unequivocal act or declaration, such as the delivery of the pass book or notice to the beneficiary.

Mrs. Kelly had no funds in the bank, except as she was interested in this deposit, and there was no other occasion for her leaving her sig-

nature with the bank. She drew her check upon the bank as the owner of the account, and must have presented the pass book with the check. Both the parties to the trust are silent, one by death and the other by the rules of law, and their intentions can only be gathered from the papers at the bank and their actions as far as they appear. The order given by Mrs. Beers upon the bank to pay to Mrs. Kelly prima facie transferred the fund here, and, when the account was opened in the name of Mrs. Beers as a trustee for Mrs. Kelly, it recognized Mrs. Kelly's title and right to the fund. And Mrs. Kelly's name in the signature book, the check drawn by her, and the inferences to be drawn from the papers at the bank, and the declaration of Mrs. Beers in evidence leads to the conclusion that Mrs. Kelly was notified of the trust by Mrs. Beers, and that the gift was complete and the trust irrevocable. The fact that the mother several years after and the day before her death, while with her son, made a change in her will which indicated another intent, cannot affect the transaction which had already taken place.

The judgment should be reversed upon the law and the facts and a new trial granted, with costs to the appellant to abide the event. All concur, except COCHRANE and CHESTER, JJ., who dissent.

COCHRANE, J. (dissenting). I do not think the Totten Case, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, requires or justifies a reversal of this judgment. That case decides that a deposit by a person as trustee for another "standing alone * * * is a tentative trust merely revocable at will until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration." But when such deposit does not stand alone, but, as in this case, must be considered in connection with other circumstances, that presumption may be overcome and the deposit may not even amount to a tentative trust. In such a case as in others it resolves itself into a question of intent. The court in the Totten Case, quoting from Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531, said:

"We are inclined to think that to infer a gift from the form of the deposit alone would, in a great majority of cases, and especially where the deposit was of any considerable amount, impute an intention which never existed and defeat the real purpose of the depositor."

It was also said:

"When a deposit is made in trust and the depositor dies intestate leaving it undisturbed, in the absence of other evidence, the presumption seems to arise that a trust was intended in order to avoid the trouble of making a will."

As to what was actually in the mind of the testatrix in making this deposit, see dissenting opinion in the case of Kelly v. Albany Trust Company (decided herewith) 108 N. Y. Supp. 214. The learned trial justice has found the facts in this case in accordance with the actual intent of the testatrix, and in my opinion the judgment herein should not be disturbed.

CHESTER, J., concurs.