city charter, which provides that the city shall not enter into a contract for an improvement for a price exceeding $500 until the assessment therefor has been confirmed and delivered to the treasurer, does not apply to these contracts, for the reason that provision is made by the statute relating to the improvement for raising the money by issuing bonds, and not directly by taxes. The mere fact that provision is made for ultimately raising the amount by tax, and reimbursing the general fund of the city to the extent of one-half of the amount of the bonds by assessing the same upon the property benefited, does not, as it seems to me, bring the contracts for doing this work within the provision forbidding the making of a contract until the assessment has been confirmed. The proceeds of the bonds, and not the taxes to pay the same, constitutes the primary fund out of which the work of making the improvement is to be paid. I think it was not contemplated that a tax levy should precede the making of every contract in making the improvement.

---

(129 App. Div. 858.)

### VROOM v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1909.)

1. MASTER AND SERVANT (§ 265*)—EXISTENCE OF RELATION—RAILROAD EMPLOYÉ TRAVELING ON PASS—PRESUMPTIONS.

Where a railroad brakeman on a construction train is employed at some distance from his home, and is given a pass to use in going home on Saturdays and returning to his work on Sundays, it will be presumed that the pass was limited to use by him in going home and back to work, and that it was a part of the contract of employment, and that he used it as an employé.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 265.*]

2. MASTER AND SERVANT (§ 180*)—FELLOW SERVANTS—CONSTITUTIONALITY OF LAW.

Laws 1906, p. 1682, c. 657, providing that persons engaged in the service of a railroad company with authority to direct or control other employés, or who have as a part of their duty physical control or direction of the employment of a signal, train, or telegraph office, are vice principals, and not fellow servants of an injured employé, and that no contract, receipt, rule, or regulation between the employé and the railroad corporation shall exempt or limit the liability of the corporation from the provisions of the section, is constitutional.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 180.*]

McLennan, P. J., and Williams, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Cora C. Vroom, as administratrix of the estate of Benjamin H. Vroom, deceased, against the New York Central & Hudson River Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Maurice C. Spratt, Aldred L. Becker, and Hoyt, Spratt & Becker, for appellant.

Charles L. Feldman, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KRUSE, J. The plaintiff's intestate, Benjamin H. Vroom, whose death, it is contended on her part, was caused through the negligence of the defendant, was a workman employed by the defendant as a brakeman on a construction train. He lived in the city of Buffalo. The construction train worked on the West Shore Branch near Despatch, just east of Rochester. He had been at work there on this train for some months. It was customary for him to go home Saturdays and return Sundays. He had gone home on the Saturday before the accident, and was on his way back Sunday evening, when a collision occurred between two trains on the defendant's railroad east of Rochester and just before reaching the place where he usually got off the train, resulting in his death. The defendant had furnished the deceased a free pass, which he used in going back and forth from his work to his home. He was riding on the pass at the time he met his death. The pass contained the usual condition exempting the defendant from liability for negligence. While the pass upon its face did not limit its use by the deceased in going back and forth to and from his work, we think the inference is permissible that such was the primary purpose for which it was· issued by the defendant, and that it was a part of the contract of employment made between the defendant and the deceased, and that the further conclusion is warranted from the evidence that at the time of the accident he was an employé of the defendant, having the right to ride free as a part of the contract between himself and the defendant. It may well be that no question of fact was involved under the evidence, but, if there was, it must be regarded as resolved in favor of the plaintiff, since the only question of fact submitted to the jury was that of damages, and none other was requested to be submitted; it being contended on behalf of the defendant that no legal liability had been established against it as a matter of law.

Chapter 657, p. 1682, Laws 1906, known as the "Barnes Act," provides that it shall be held that persons engaged in certain kinds of service for a railroad company, with certain specific authority named in the act, among other things that of authority to direct or control other employés, or who have as a part of their duty for the time being physical control or direction of the movement of a signal, train, or telegraph office, are vice principals of the corporation, and not fellow servants of the injured or deceased employé. The act further provides that no contract, receipt, rule, or regulation between the employé and the railroad corporation shall exempt or limit the liability of the corporation from the provisions of the section. The appellant contends that the act is unconstitutional, but we have repeatedly applied the act, and held it to be constitutional. Schradin v. N. Y. C. & H. R. R. R. Co. (Sup.) 103 N. Y. Supp. 73, and s. c., 124 App. Div. 705, 109 N. Y. Supp. 428; Brown v. N. Y. C. & H. R. R. R. Co., 126 App. Div. 240, 110 N. Y. Supp. 514; La Placa v. L. S. & M. S. R. R. Co., 127 App. Div. 843, 111 N. Y. Supp. 797. If, therefore, the deceased was an employé at the time he met his death, then under the facts of this case the defendant's employés, through whose lack of care and attention the collision occurred, were vice principals.

As has been stated, we think the evidence warrants the conclusion that at the time the deceased was injured and met his death he was not a passenger being transported free, but that the relation of master and servant existed between the defendant and him, and, if we are right in that conclusion, it follows that the defendant is liable. Vick v. N. Y. C. & H. R. R. R. Co., 95 N. Y. 267, 47 Am. Rep. 36. But, even if that relation did not exist at the time of the accident, we think under the circumstances of this case it could well be found that the pass was not a mere gratuity, but a part of the contract of employment, entitling the deceased to transportation to and from his work.

We therefore conclude that the judgment and order should be affirmed, with costs. All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent.

WILLIAMS, J. (dissenting). The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide event. The action was brought to recover damages for the death of Benjamin H. Vroom, alleged to have resulted from the negligence of the defendant.

The only question involved in this appeal is whether the exemption from liability in the pass on which the deceased was riding at the time he met his death bars this right of action; and this question is dependent upon the further question whether he was riding on the defendant's car at the time as its employé or as a passenger merely. It is the settled law of this state that a passenger may, in consideration of free transportation, stipulate that a railroad company shall not be liable for personal injuries to such passenger by reason of its negligence or that of its servants, and such stipulation will bar any action for damages for such injuries while making use of such free transportation. Johnston v. Fargo, 184 N. Y. 379, 77 N. E. 388, 7 L. R. A. (N. S.) 537, and the cases therein referred to. It is provided, however, by the Barnes act, so called (Laws 1906, p. 1682, c. 657, § 42a), among other things, in effect, that it shall be held in actions by employés against railroad companies for personal injuries by reason of negligence, that persons who have as a part of their duty for the time being physical control of the movements of the trains are vice principals of the railroad company, and not fellow servants of such employés, and that no contract between the railroad and their employés shall exempt or limit the liability of the railroads from the provisions of this section. So that, if the deceased was at the time of his death riding on the defendant's train as its employé, he was protected by this statute, and the railroad company could not interpose any defense based upon the negligence of co-employés, or the stipulation for nonliability contained in the pass upon which deceased was riding. Moreover, such a stipulation in a contract between an express company and its employé was held invalid as against public policy generally in Johnston v. Fargo (above), without reference to the Barnes act which related to railroad companies alone, and had not then been enacted. That action arose in 1902. We should not

hold the Barnes act in the provision referred to unconstitutional. See, Schradin v. N. Y. C. Railroad (Sup.) 103 N. Y. Supp. 73, and s. c., 124 App. Div. 705, 109 N. Y. Supp. 428; Brown v. N. Y. C., 126 App. Div. 240, 110 N. Y. Supp. 514.

The simple question, therefore, for our determination, is whether deceased when he met his death was an employé of the defendant within the provisions of the statute in question. The facts relating to this subject are not in dispute. Deceased was working on defendant's railroad at the time of his death, and had been for four or five years. Just prior to his death, he was a brakeman on a work construction train, and had been for some months. The train was working during that time on the West Shore Branch, near Despatch. His home was in Buffalo, where his wife and family lived, and he would be away from home at his work during the week, and go home Saturdays and back Sundays. On the occasion when he met his death, he had been home, and on Sunday night was returning to his train, and while riding on the Auburn Branch, near his destination, he was killed in a collision between two trains. He was riding on a pass. It does not appear how long he had had the pass, or whether it constituted any part of his contract of service, or had anything to do with his original employment. He was described in it as a freight brakeman, and it was over the Western division. Upon these facts we think it must be said that the deceased was not an employé, but merely a passenger when he met his death. The pass entitled him to ride free over the division referred to therein, not only for the purpose of his employment, not only while engaged in performing his duties as an employé, but for any and all purposes of his own, for his own pleasure or his own profit. Indeed, he would be likely more often to use it when off duty as employé than when engaged in his work. On the occasion in question he was riding for his own pleasure, had been visiting his family and home, and was on his way back to the place where he was employed. He was not then riding as an employé at all.

The rule is very clearly stated by Judge Miller in his opinion in Vick v. N. Y. C. Railroad Company, 95 N. Y. 267, 47 Am. Rep. 36, as follows:

"If an injury be received at a time when the servant is not engaged in his duties, then he occupies the position or status of a stranger. But this rule has no application when by the terms of the contract, expressed or implied, it appears that traveling on the cars constitutes a part of the contract of service. In such a case we think the person injured must be regarded as a servant or employé."

That action was brought to recover for the death of an employé resulting from the negligence of other employés. The death occurred in 1878, long before the Barnes act was enacted, and the right to recover there rested upon the question whether the deceased was riding upon defendant's train when he met his death as an employé or a passenger or stranger as it was then expressed. The court held he was an employé, and could not therefore recover. "The essence of the contract was," as stated by the court, "that the deceased should work for the defendant as foreman of the tinshop, and in consideration thereof it should pay him a fixed price per hour, and should trans-

port him weekly from his residence to the place where the work was to be done and back again upon its road without charge"; and the court further said:

"At the time of the accident the deceased was in the shop car of the defendant on his way to the place where he was to perform services. As his transportation was a part of the contract, he was there by virtue thereof as an employé. * * * He was in the car under the terms of the contract made for the rendition of services, and not as a passenger. * * * It was a part of this contract of service that he was to be carried to and from the place of his work every week on the defendant's railroad, and on a train which was usually provided for that purpose. * * * His conveyance to and from his work was incident to his employment, and was a part of the contract of service under which he was engaged."

It will be seen from these extracts and from the reading of the whole opinion that that decision was based upon the proposition that the free transportation was a part of the contract of service. It was a part of the consideration for the contract of service. Several cases were referred to in that opinion holding substantially the same doctrine. The Vick Case is much relied on here, and this judgment must be upheld if at all under the doctrine there laid down. But the trouble with the case we are here considering is that the free transportation here was not shown to be a part of the contract for service —a part of the consideration for such service. The pass was unlimited except as to the Western division and to the exclusion of certain trains. The deceased might ride on it at all times and under all circumstances when he chose to do so, not only while going home or returning to the place where he worked, but for any other purpose of pleasure or profit. He might go out for a pleasure trip or to transact business he was engaged in entirely separate and apart from the service he was to render defendant. In the Vick Case there was no such general pass or unlimited free transportation. It was there agreed merely that the railroad company would once each week transport deceased free of charge directly to and from his work to be performed for the railroad company. The facts of that case and this are entirely different so far as they bear upon this question of the deceased being an employé or a passenger or stranger when he met his death. The trial court very properly held in this case that there was no question of fact for the jury, and that only a question of law was involved, but we think that question of law was settled improperly in favor of the plaintiff. There should have been a nonsuit directed.

McLENNAN, P. J., concurs.