WILLIAM JACKSON, Respondent, v. I. EDWARD GROSSMAN, Appellant.— In a negligence action to recover damages for personal injuries, loss of earnings and expenses, defendant appeals from a judgment entered in favor of the plaintiff, after a trial before a jury. Judgment unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ.

HENRY KROEHLING, Respondent, v. CITY OF NEW YORK, Appellant.— In a negligence action to recover damages for personal injuries, it appeared that at the time of the accident plaintiff was an employee of defendant in its transportation system and was riding on one of its trolleys on a pass, issued to him by the Board of Transportation, which purported to release the city from liability for negligence, etc. The plaintiff had completed his work for the day and was on his way home. The trolley in which plaintiff was riding collided with a sanitation truck, also owned by defendant. Upon the trial defendant conceded that the accident was due to its negligence but claimed immunity from liability by virtue of the provisions of the pass. The trial court submitted to the jury, as a question of fact, whether the pass was received by the plaintiff as a mere gratuity or as a part of his contract of employment. The jury found in favor of the plaintiff, and from the judgment entered upon the verdict, defendant appeals. Judgment unanimously affirmed, with costs. The case was properly submitted to the jury as a question of fact. (*Montalbano* v. *New York Central R. R. Co.*, 267 App. Div. 617; *Vroom* v. *New York Central & H. R. R. R. Co.*, 129 App. Div. 858, affd. 197 N. Y. 588.) Present — Lewis, P. J., Hagarty, Carswell, Aldrich and Nolan, JJ.

LIPWAL HOLDING CORPORATION, Appellant, v. MABEL L. MARTENS, Respondent, et al., Defendants.— In an action to foreclose a mortgage on real property and to recover damages for injuries to the real property, judgment modified on the law by striking therefrom the second and third decretal paragraphs and inserting in place thereof paragraphs providing (a) judgment for respondent on the merits, without costs, on the second cause of action; and (b) judgment of foreclosure and sale on the first cause of action, with costs of the trial, for appellant. As thus modified, the judgment is unanimously affirmed, without costs. Findings of fact and conclusions of law in accordance herewith will be made. The mere offer to pay all arrears and costs is not the equivalent of curing the defaults, and such testimony does not require that the foreclosure complaint be dismissed. The evidence does not establish the cause of action for alleged impairment of the mortgage security. Settle order on notice. Present — Hagarty, Acting P. J., Carswell, Adel, Aldrich and Nolan, JJ. [See *post*, p. 935.]

JOSEPH MORONGIELLO, an Infant, by His Guardian ad Litem, CARMELA MORONGIELLO, Appellant, v. CITY OF NEW YORK, Respondent.— Action by infant plaintiff to recover damages for personal injuries alleged to have resulted from a defect in a sidewalk on a public street of such character as to constitute a trap. On motion of the defendant the trial court set aside a verdict in favor of the plaintiff and granted a new trial upon the ground that the verdict was contrary to the weight of the credible evidence, and from the order entered thereon the plaintiff appeals. Order, insofar as appealed from, unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Adel, Aldrich and Nolan, JJ.