■ BARBARA NEWELL, Respondent, v. EDWARD LANE, Defendant, and BEN LANE, Appellant.— Order, Supreme Court, New York County, entered March 15, 1974, denying defendant's motion to dismiss the complaint for failure to prosecute, unanimously modified, on the law and in the exercise of discretion to deny the motion on condition that plaintiff's attorney personally pay to the defendants-appellants the sum of $350 plus the $60 costs and disbursements of this appeal within 20 days after he has been served with a copy of the bill of costs to be taxed hereunder, and as so modified, affirmed. In the event such condition is not complied with, then the order is unanimously reversed, on the law and in the exercise of discretion, and the motion to dismiss is granted, with $60 costs and disbursements to defendants-appellants. In this action to recover damages for allegedly severe personal injuries sustained by plaintiff, in an accident on October 2, 1970, we find that there was no intention by plaintiff to abandon the action and that there was no undue prejudice to defendants because of the delay by her counsel in prosecuting the action. While the decision at Special Term, denying the motion to dismiss, recognized that the determination required the imposition of costs and the payment of reasonable counsel fees, the order entered thereon, for some reason, did not incorporate any such conditions. While we agree, that under all the circumstances of this case, the plaintiff should not be required to suffer the consequences of her attorney's conduct, the denial of the dismissal of the action would be justified only by the imposition of conditions. Accordingly, we conclude that the imposition of the above costs on counsel personally is a more appropriate penalty than dismissal of the action. (See *Moran* v. *Rynar*, 39 A D 2d 718.) Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Capozzoli, JJ.