■     In the Matter of the Arbitration between EMPIRE MUTUAL INSUR-ANCE COMPANY, Appellant, and LOUIS A. PALLADINO et al., Respondents.— Order, Supreme Court, New York County, entered June 15, 1976, granting reargument with respect to order of Starke, J., dated December 18, 1975, and upon reargument, vacating such order and denying application for stay of arbitration without prejudice to renewal upon proper procedures, is reversed on the law, without costs and without disbursements, and the application for a stay of arbitration is granted to the extent of directing a hearing as to whether the offending vehicle was uninsured and on the issue of permissive use, and reinstating Justice Starke's order of December 18, 1975, entered December 19, 1975. This is an application for a stay of arbitration in an uninsured motorist case. The order appealed from vacates the previous order granting an interim stay of arbitration for the reason that the petitioner's papers are insufficient in form. The Special Term said that the proceeding was brought on by a notice of motion, which is not the appropriate procedure, when there is no pending action, and that "the institution of a special proceeding is required (CPLR 7502 (a)) which necessi-

tates service of a petition and either a notice of petition or an order to show cause." We think the differences in form are not fatal. Jurisdiction of the person was properly obtained by service on respondent's attorney. (CPLR 7503, subd [c].) CPLR 103 (subd [c]) provides: "If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution." The first papers served on this application for a stay of arbitration are captioned as in a special proceeding, "In the Matter of the Application for a Stay of all Arbitration Proceedings Attempted to be had Between EMPIRE MUTUAL INSURANCE COMPANY, Petitioner—against—LOUIS A. PALLADINO and MARGA-RET PALLADINO, Respondents." CPLR 7503 (subd [b]) refers to an "application" to stay arbitration. "A motion is an application for an order." (CPLR 2211.) While the first pleading in a special proceeding is a petition, we think the supporting affidavit in this case sufficiently meets that requirement. We note that CPLR 105 (subd [s]) specifically authorizes the converse case of the use of a verified pleading as an affidavit. This court has recently sustained against an attack as improper in form papers on a stay of arbitration in the form of a special proceeding where there was a pending proceeding and stated that in those circumstances "the petition may be viewed as motion in said pending proceedings." *(County of Sullivan v Nezelek, Inc.,* 54 AD2d 670 [NYLJ, Nov. 1, 1976, p 6, col 1].) The supporting affidavit gives in somewhat involuted form the essential information required in a pleading. (CPLR 3013.) It remains true that petitioners, particularly such experienced and repetitive petitioners as insurance companies in these uninsured motorist arbitration proceedings, should follow the appropriate form and have a notice of petition and a petition which makes the simple, direct allegations necessary for a pleading as well, of course, as supporting evidentiary affidavits. The fact that we are reversing the dismissal of the present proceedings is not to be taken as blanket permission willfully to continue submitting papers in improper form, now that attention has been called to that impropriety. As the only point argued before us was the impropriety in form, our decision is limited to passing on that issue. Concur—Markewich, J. P., Silverman and Capozzoli, JJ.; Murphy and Nunez, JJ., dissent and vote to affirm on the opinion of Tierney, J., at Special Term.