■ MARGARET R. LEBRON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Judgment, Supreme Court, New York County, entered October 16, 1975, dismissing the complaint on the issue of liability after a jury verdict in favor of the defendant, affirmed, without costs or disbursements. Margaret R. Lebron, an employee of the New York City Transit Authority, sustained injuries while riding an IND "A" express train to her place of work. In gaining ingress to the train, Miss Lebron used a "pass" issued by the transit authority for use in traveling to and from work, the terms of which exempted the transit authority from liability for injuries incurred. Miss Lebron instituted this action to recover damages for the injuries she sustained. After jury selection, the transit authority moved the court to add a defense of exemption from liability based on the terms of the "pass," which motion was granted. The jury found for the defendant transit authority. During the trial, the plaintiff admitted that she used her pass to gain free admission to the subway on the date of the occurrence, and the pass itself, which had printed upon it the terms and conditions of its use, was admitted in evidence. On appeal, it is urged by the plaintiff that the court improperly allowed the addition of a defense on the eve of trial, and that the defense as alleged failed to include the ingredient that the pass was given as a gratuity. We are unpersuaded by either argument. With regard to the propriety of allowing the amendment of the defendant's pleadings, we merely note that leave to amend should be freely given (CPLR 3025, subd [b]), especially when there was neither a claim of prejudice by plaintiff at the time of trial nor any showing of prejudice on this appeal (cf. *Sindle v New York City Tr. Auth.,* 33 NY2d 293; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 713, CPLR 3025:4). We also note that

the terms and conditions for use of the pass, including the issue of whether the pass was a gratuity, were submitted to the jury as triers of the facts *(Kroehling v City of New York,* 270 App Div 909). The jury returned a general verdict which could be supported by a conclusion either that the transit authority was not negligent or that the pass issued was a gratuity. If we rely on the former conclusion, affirmance is warranted. Were we to rely on the latter conclusion, we have before us on appeal documentary evidence in the form of the transit authority contracts which clearly indicate that the pass was issued as a gratuity. This incontrovertible documentary proof is properly before this court *(Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291, 298–299; *Kirp v Caleb's Path Realty Corp.,* 19 AD2d 744, 745), and is sufficient to sustain the judgment were it based on the conclusion that the pass was a gratuity. We have accordingly affirmed. Concur—Markewich, J. P., Lupiano, Silverman and Lane, JJ.; Nunez, J., dissents in the following memorandum: Nunez, J. (dissenting). In connection with plaintiff's employment with defendant, New York City Transit Authority, she received a transit pass which provided that the employee will assume all risk and liability and will not hold the employer responsible for any injury, whether by negligence or willful acts. It appears that plaintiff, having utilized her pass, sustained severe injuries while en route to work. She commenced the action at bar. Six years after joinder of issue, and even after selection of the jury, the court below allowed the defendant to interpose as a defense the disclaimer of liability contained in the pass. The only excuse offered for the delay was that "someone messed up on it." This, of course, is no cognizable excuse. In view of the inordinate delay in making the motion to amend the answer, allowing such amendment was not justified *(Foster Co. v Terry Contr.,* 25 AD2d 721, 722). But having allowed it, the proffered defense was neither properly pleaded nor was it supported by evidence. The court properly charged, without exception, that if the pass had been issued to plaintiff as a gratuity, the provision exempting defendant from liability would be binding on plaintiff, but such a provision would "not be binding if it was received by her as part of her contract of employment." The amended answer does not claim that the pass was issued as a gratuity; nor did defendant meet its burden of proving that the pass was so issued. This severely injured plaintiff was entitled to have her case submitted to the jury on the merits alone. The court committed grievous error in: (1) allowing the pass defense in view of the inordinate delay in making the application therefor; and (2) in submitting that defense to the jury rather than dismissing it for failure of proof. I would reverse and remand for a new trial.