■ ROBERT SHANBERG et al., Plaintiffs, v GEORGETOWNE MANSIONS, INC., Respondent, and SANFAR CONSTRUCTION CORP., Appellant, et al., Defendants. —In an action to recover for damages to property, defendant Sanfar Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated October 14, 1975, as, upon reargument, adhered to its original determination denying the said defendant's motion for leave to amend its answer so as to interpose an additional cause of action for contractual indemnification against defendant Georgetowne Mansions, Inc. Order reversed insofar as appealed from, with $50 costs and disbursements, and motion granted. Respondent has not shown that any real prejudice will accrue to it as a result of such amendment. Thus, the policy of insuring the full litigation of a controversy should be observed (see *Rife v Union Coll.,* 30 AD2d 504, 505). Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.

■ STATE-WIDE INSURANCE COMPANY, Appellant, v VIRGINIA CURRY et al., Respondents.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Nassau County, dated August 10, 1976, which denied the application. Order reversed, on the law, with $50 costs and disbursements to appellant, and application granted. The papers submitted in support of the motion were adequate for the purpose of providing Special Term with jurisdiction (cf. *Matter of Empire Mut. Ins. Co. [Palladino],* 54 AD2d 863). The application for a stay was improperly denied. Respondents were not struck by an uninsured motorist within the meaning of the New York automobile accident indemnification indorsement of the insurance policy. The security funds available pursuant to sections 333 and 334 of the Insurance Law provided coverage for the offending motorist. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur. [— Misc 2d —.]