■ In the Matter of the Arbitration between EMPIRE MUTUAL INSURANCE COMPANY, Appellant, and ELIZABETH IMPLIAZZO et al., Respondents, and RESOURCES INSURANCE COMPANY, Appellant.—Judgment (denominated an order), Supreme Court, New York County, entered November 18, 1976, denying petitioner's application to stay arbitration, unanimously reversed, on the law, and the petition granted, without costs and without disbursements. An automobile owned and operated by Elizabeth Impliazzo was in collision with an automobile of Trevor Allen's. The insurer of the Allen vehicle is presently in liquidation. Impliazzo, taking the position that the offending (Allen) vehicle was uninsured, served a demand for arbitration upon her own insurance carrier, Empire Mutual Insurance Company, based on the uninsured motorist's endorsement in the policy. Empire applied at Special Term to stay arbitration on the ground that the offending vehicle was insured. Special Term denied the stay of arbitration. We would reverse. Sections 333 and 334 of the Insurance Law provide for a security fund to be used to pay claims against an insolvent insurer. The insurer of the offending vehicle is a participant in this fund and covered by these sections. Therefore, since the Allen vehicle cannot be deemed uninsured, the motion to stay arbitration should have been granted *(State-Wide Ins. Co. v Curry,* 55 AD2d 675). Concur—Kupferman, J. P., Birns, Capozzoli and Lane, JJ.

■ ARTHUR THOMPSON, as Administratrix of the Estate of, DORIS B. THOMPSON, Deceased, et al., Appellants, v DONALD M. SHAFER et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County, entered October 6, 1976, granting the motion of defendants (other than defendant hospital and defendant Baronberg) and the cross motion of defendant hospital to dismiss the action for want of prosecution pursuant to CPLR 3216, unanimously modified, on the law and in the exercise of discretion, to the extent of granting the motion and cross motion unless plaintiff's counsel personally pays to the defendants-respondents the sum of $500 plus one bill of $60 costs and disbursements, and, as so modified, affirmed. In this action for, *inter alia,* wrongful death which resulted from the alleged negligence and malpractice of defendants in the care and treatment rendered to Doris B. Thompson, we find that there was no intention by plaintiff to abandon the action and that there was no undue prejudice to defendants because of the delay by plaintiff's counsel in prosecuting the action. Under the circumstances and on this record, the plaintiff should not be required to suffer the consequences of his attorney's conduct. While this is so, however, the avoidance of dismissal of the action would be justified only by the imposition of conditions and, accordingly, the imposition of the above costs on counsel personally is deemed more appropriate remedy than dismissal of the action (see *Newell v Lane,* 45 AD2d 704). Settle order on notice. Concur—Kupferman, J. P., Lupiano, Birns and Capozzoli, JJ.