# (May 10, 1983)

■ ADOLF FRIEDLANDER, Respondent, v IRVING ARIEL et al., Respondents, and DOCTORS HOSPITAL, Appellant. — Order, Supreme Court, New York County (Price, J.), entered April 22, 1982, denying the motion for summary judgment of the defendant Doctors Hospital, unanimously reversed, on the law, the motion is granted and the complaint is dismissed against this defendant, without costs. On February 3, 1981, the plaintiff served defendant hospital with a summons and complaint, which alleges that defendant hospital, as well as two individual defendant doctors, Irving Ariel (Ariel) and Youngick Lee, failed to diagnose a cancer in plaintiff's throat. After joining issue, the defendant hospital moved for summary judgment on the basis of the defense of the Statute of Limitations. Since the alleged malpractice occurred after July 1, 1975, the applicable Statute of Limitations is two years and six months (CPLR 214-a). It is undisputed that Dr. Ariel was furnished biopsy reports of pathologists of defendant hospital. Plaintiff's counsel's affirmation contends that Dr. Ariel used these reports in treating plaintiff and that the last time he treated

plaintiff was July 25, 1978. If plaintiff was actually treated on that date, his action would be timely. No affidavit was offered in support of that treatment date from anyone with knowledge of the actual facts such as Dr. Ariel or the plaintiff. Counsel does not claim in his affirmation to have any personal knowledge of the facts. This type of attorney affirmation "has no probative value" (*Di Sabato v Soffes*, 9 AD2d 297, 301). Unlike the plaintiff, the defendant's position is supported by proof. Defendant offers Dr. Ariel's examination before trial. Ariel unequivocally testified that he last treated plaintiff on June 20, 1978. Based upon this date, an action to be timely had to have been commenced on or before December 20, 1980. However, plaintiff did not commence his action against defendant until February 3, 1981. We find inappropriate our dissenting brothers' reference to a letter outside the record, despite the fact that this court, after careful consideration, unanimously denied a motion to include that letter in the record. Our review of this record leads us to conclude Special Term erred in denying defendant's motion since "[p]laintiff's opposing papers are insufficient to create a factual issue" (*Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 343). Concur — Murphy, P. J., Ross and Alexander, JJ.

Sandler and Carro, JJ., dissent in a memorandum by Sandler, J., as follows: The court's determination granting the motion of the defendant, Doctors Hospital, for summary judgment dismissing the complaint rests upon an erroneous application of the familiar rule that an affidavit by a lawyer lacking personal knowledge of the facts is insufficient to put in issue the factual allegations set forth in the moving papers. On the basis of this misapplied principle, the court has concluded that the plaintiff failed to present a factual issue as to whether June 20, 1978 was the last date that plaintiff had been treated by any of the defendants. The flaw in this analysis is the failure to appreciate that the defendant's moving papers made no claim with regard to the last date the plaintiff was treated by the individual defendant doctors, and accordingly plaintiff was under no obligation whatever to address that issue. It is not the law that summary judgment may be granted dismissing the complaint because of a failure to controvert allegations that were not made. The moving papers of defendant hospital seeking dismissal of the complaint advanced the single contention that the plaintiff was last examined at the hospital on April 4, 1978, and that more than two and one-half years thereafter elapsed before the service of the summons on the hospital. In the answering papers, consisting of a lawyer's affidavit, a copy of the bill of particulars and extensive excerpts from the deposition testimony of Dr. Ariel, plaintiff undertook to establish a factual issue as to whether the inception of the period of limitation was extended past April 4, 1978 by the doctrine of continuous treatment as applied in *Fonda v Paulsen* (46 AD2d 540). That plaintiff's papers were sufficient to raise such a factual issue is clear, and indeed not disputed in the court's memorandum. Having raised a factual issue with regard to the dispositive significance of the April 4, 1978 date relied on exclusively in defendant's moving papers, the plaintiff did all that was required to be done to defeat the motion. The issue becomes quite clear if the record is considered, as indeed it should be, without reference to the defendant's reply papers. As so limited, the record discloses a factual issue as to whether the Statute of Limitations commenced to run on April 4, 1978 as urged by the defendant, or on some later date as to which no evidence was at that point adduced by either party. It is surely not open to doubt that summary judgment dismissing a complaint on the basis of an affirmative defense may not be granted where the record sets forth no evidence whatever on the decisive factual issue. Although in retrospect it might have been wiser for plaintiff's counsel to have submitted

an affidavit by plaintiff reaffirming with more detail his allegation in the verified complaint that the last date of treatment was July 25, 1978, it is readily understandable why he did not do so. It is surely a reasonable assumption that both counsel were aware that in his deposition testimony Dr. Ariel had fixed June 20, 1978 as the last date he had seen the plaintiff professionally, and both counsel were aware that in the verified complaint plaintiff had sworn that his treatment extended until July 25, 1978. When defendant's counsel thereafter moved for summary judgment on the single ground that the last examination of the plaintiff by the hospital was on April 4, 1978, plaintiff's counsel had every right to assume that the sole issue presented was the applicability of the continuous treatment rule, and to respond accordingly. In any event, as already pointed out, plaintiff was under no legal obligation to controvert an allegation that was not made. Inexplicably the court's memorandum gives dispositive significance to the brief excerpt from the deposition testimony of Dr. Ariel included in a reply affidavit by defendant's counsel in which Dr. Ariel said in substance that he did not treat the plaintiff professionally after June 20, 1978. In concluding that plaintiff failed to present a factual issue with regard to the date fixed in this excerpt from deposition testimony by a party adverse to the plaintiff, the court wholly omits to consider the fact that plaintiff was not authorized under CPLR 2214 (subd [b]) to respond to defendant's reply papers. In effect, the court is holding that plaintiff's failure to seek permission to respond to a reply affidavit amounts to an acknowledgment of the accuracy of the statements contained in it that entitles the defendant to summary judgment. No authority for this proposition is set forth in the court's memorandum, I have been unable to find any such authority, and I do not believe that any exists. It may be that such a judicial response would be appropriate if, with regard to a controverted issue, reply papers included a document dispositive of the issue that is inherently incapable of being impeached. Even in that circumstance I would doubt the propriety of dismissing the complaint without the court either inviting or directing the opposing party to submit responsive papers. The brief excerpt from Dr. Ariel's deposition testimony included in the reply papers is hardly of such an unassailable character. In substance he answered in the negative with regard to a question as to whether he had seen Mr. Friedlander professionally after June 20, 1978, and went on to say with regard to a question as to whether he ever spoke to him thereafter that "I don't believe so." Not only is the court's analysis seriously flawed for the reasons set forth above; the result reached is manifestly unjust. The court gives dispositive significance to deposition testimony presented in a reply affidavit to which the plaintiff was not entitled to respond, testimony which was thereafter acknowledged by Dr. Ariel himself to have been inaccurate. In a letter to his counsel written some time after the order appealed from, which bears a notarial stamp, Dr. Ariel included among a number of corrections to his deposition testimony the very testimony held by this court to be decisive. He wrote that on the basis of an examination of his bills and office records, the correct date of his last treatment to the plaintiff was July 25, 1978, the very date that had been fixed as the last date of treatment by the plaintiff in the verified complaint. That July 25, 1978, and not June 20, 1978, was the last date of treatment seems to me almost certainly correct. It would surely be unrealistic for the court to infer from the circumstance that Dr. Ariel has an interest in Doctors Hospital remaining a defendant in this action, that, in a letter prepared many months after Special Term decided this motion in plaintiff's favor, he undertook to assist plaintiff on this appeal by including in a list of corrections to his deposition testimony a misrepresentation of the facts disclosed by his office records with regard to the

last date he treated plaintiff. I appreciate that a motion for plaintiff to supplement the record to include this letter was denied at a time this court did not have the opportunity that it now has to evaluate the application in light of a full presentation of the issues, a denial that should be reconsidered in the light of what we now know. I also appreciate that the letter does not fit neatly into the type of "incontrovertible documentary evidence dehors the appeal record" that is sometimes accepted by an appellate court to sustain a judgment. (See *Kirp v Caleb's Path Realty Corp.*, 19 AD2d 744; *Lebron v New York City Tr. Auth.*, 55 AD2d 566; *Matter of Dwyer*, 57 AD2d 772; see, also, *Crawford v Merrill Lynch, Pierce, Fenner & Smith*, 35 NY2d 291.) But in at least one important respect the letter does establish an incontrovertible fact. It is now incontrovertible that Dr. Ariel has repudiated the deposition testimony on the basis of which this court has decided to grant summary judgment dismissing the complaint. With respect, it seems to me the ultimate in judicial rigidity for this court to dismiss a complaint on the basis of deposition testimony presented in a reply affidavit to which the plaintiff did not have the right to respond, and which has been repudiated by the witness who gave the testimony under circumstances that make it exceedingly likely that the testimony we rely on was factually incorrect. In the foregoing analysis I have assumed that the record discloses no admissible evidence by the plaintiff establishing that the last date of treatment was July 25, 1978. This is by no means clear. In the complaint which was verified by the plaintiff, it is specifically alleged that his treatment occurred between April, 1977 and July 25, 1978. CPLR 105 (subd [s]) provides that a verified pleading "may be utilized as an affidavit whenever the latter is required", and the admissibility of evidentiary statements in verified pleadings on a motion for summary judgment has been specifically sanctioned by the Court of Appeals. (*Bethlehem Steel Corp. v Solow*, 51 NY2d 870, 872.) Of course this rule is subject to the qualification that the statements in the verified complaint must be evidentiary in character. (*Indig v Finkelstein*, 23 NY2d 728.) Whatever may be thought of other statements in the complaint, the specification of July 25, 1978 in a sworn pleading seems to me sufficiently concrete to be deemed admissible. I agree that a question might have arisen if the statement in the verified complaint were relied upon in response to moving papers that specifically alleged that the last date of treatment by Dr. Ariel was June 20, 1978. In the total absence of any such allegation in the moving papers, the specific statement in the verified complaint with regard to the last date of treatment seems to me one that Special Term could reasonably have relied upon to conclude that there was a factual issue. (Cf. *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065.) For the reasons set forth above, the order of the Supreme Court, New York County (Price, J.), entered April 22, 1982, denying the motion for summary judgment of the defendant Doctors Hospital, should be affirmed.