■ ANTHONY J. CENZOPRANO, as Conservator of the Property of HENRY F. McHUGH, Conservatee, Appellant, v JAN VANDERBAAN et al., Respondents. — In an action, *inter alia,* to rescind a deed, plaintiff appeals from an order of the

Supreme Court, Nassau County (Burstein, J.), dated March 18, 1983, which denied his motion for leave to amend the complaint. Order reversed, with one bill of costs, and motion granted. Plaintiff's time to serve an amended complaint is extended until 20 days after service upon him of a copy of the order to be made herein, with notice of entry. Discovery is to be completed by the parties with respect to the amended pleadings within 45 days after issue is joined. Under the circumstances of this case, defendants have failed to demonstrate that they will suffer true prejudice in the event the plaintiff is granted leave to amend his complaint (see CPLR 3025, subd [b]; *Sharapata v Town of Islip,* 82 AD2d 350, 362, affd 56 NY2d 332; *Eng v Di Carlo,* 79 AD2d 1018; *Shanberg v Georgetown Mansions,* 55 AD2d 675). The fact that the motion was made on the eve of trial does not require denial (see *Lebron v New York City Tr. Auth.,* 55 AD2d 566; see, also, *Dransfield v Eastern Seaboard Warehouse Corp.,* 43 AD2d 569). Moreover, this case is clearly distinguishable from *Edmunds v National Grange Mut. Ins. Co.* (81 AD2d 715) in that the delay therein was three and one-half years, while in this case, plaintiff's counsel acted expeditiously upon discovery of the information which comprised the additional causes of action. In view of the advanced age and state of health of the conservatee and the need of the parties to quiet title, we direct the parties to promptly complete discovery with respect to the amended pleadings within 45 days after issue is joined. We anticipate that upon completion of such discovery, the matter will once again be placed at the head of the Trial Calendar. Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.