■ JOSEPHINE M. MCKINNEY et al., Respondents, v BAY RIDGE MEDICAL GROUP et al., Appellants, et al., Defendants.— In a medical malpractice action, the defendants Bay Ridge Medical Group, Eduardo V. Alvarez, Benjamin E. Lanier and Francis Collini appeal from an order of the Supreme Court, Kings County (Schneier, J.), entered May 20, 1985, which (1) denied their motion for summary judgment dismissing the complaint as against them on the ground of the bar of the Statute of Limitations, and (2) granted the plaintiffs' motion for leave to amend their complaint to add a cause of action for fraudulent concealment of medical malpractice.

Ordered that the judgment is affirmed, with costs.

The plaintiff Josephine McKinney (hereinafter the plaintiff) and her husband John T. McKinney commenced this action in December 1981 to recover damages for injuries allegedly sustained by her as a result of the medical malpractice of the defendants. In 1972, the plaintiff saw the defendant Dr. Collini with regard to a leg wound which had resulted from surgery which had been performed on her leg in 1967 by another of

the doctors belonging to the appellant medical group. It appears that during the surgery, a drill bit had broken off and become imbedded in a bone in the plaintiff's leg. During 1972 and 1973, the plaintiff saw the appellant Drs. Lanier and Alvarez, who were also members of the medical group, with complaints of pain and swelling in her leg. The plaintiff alleges that she was advised by both doctors that the bit would have to remain in her leg and that she would have to live with the leg wound. She further alleges that during the years 1973 through 1979, she continued to visit Dr. Collini at the group for periodic checkups for various physical complaints.

The gravamen of the plaintiffs' cause of action is the alleged negligence of the appellants in causing the bit to remain in her leg until 1980 at which time it was surgically removed. It is alleged that as a result of the negligence of the appellants, the plaintiff was caused to suffer chronic osteomyelitis or infection of the leg.

The appellants moved for summary judgment contending that the action was time barred due to the fact that the appellant doctors had treated the plaintiff for her leg injury in 1975 and then not again until the need for surgery was discovered in 1979. They alleged that the visits from 1975 through 1979 were unrelated to the plaintiff's leg problems. The plaintiff countered that Dr. Collini had checked her leg during the visits and she had brought her pain and swelling to his attention. The plaintiff relied on the doctrine of continuous treatment claiming that the statute was tolled between the years 1975-1979, and thus the action brought in 1981 was timely (see, McDermott v Torre, 56 NY2d 399).

On this record it is clear that issues of fact exist as to whether one of the purposes of the plaintiff's visits during the period 1973 through 1979 was the alleged continued pain and swelling in her leg. Accordingly, it cannot be determined at this stage of the proceedings whether the plaintiff's visits to Dr. Collini amounted to continuous treatment of this injury (see, McDermott v Torre, supra). If continuous treatment is found, it will toll the statute as against the defendant doctors, including those who have since left the group, as well as against the group itself (see, Watkins v Fromm, 108 AD2d 233), rendering the cause of action timely. Since factual issues exist which can only be resolved at trial, the court properly denied the appellants' motion for summary judgment.

In addition, the court properly exercised its discretion in

granting the plaintiffs leave to amend their complaint to add a cause of action for fraudulent concealment of medical malpractice as the appellants have failed to demonstrate any prejudice which would result therefrom (see, CPLR 3025 [b]; *Cenzoprano v Vanderbaan,* 95 AD2d 767). Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.